## 30640. MIDLAND GLASS COMPANY v. WARNER et al.

JORDAN, Justice.

Appellant, Midland Glass Company, filed a petition in Houston County Superior Court seeking $500,000 damages against Cliff Warner, business representative of Painters Local Union No. 631; Painters Local Union No. 631; and Don Baker and Ted Harridge, employees of Midland Glass Company. The petition further sought temporary and permanent injunctions preventing defendant union from continuing pickets at Midland's plant in Warner Robins, Georgia.

The defendants answered and filed a plea to jurisdiction alleging that Midland is involved in interstate commerce and that the National Labor Relations Board has exclusive jurisdiction over the matter.

The superior court granted a temporary injunction, and after a hearing, denied Midland's petition for a permanent injunction, ruling that Midland is involved in interstate commerce and that the defendant union was either arguably engaged in a secondary boycott

prohibited by Section 8 of the Labor-Management Relations Act or in activities protected by Section 7 of the Labor-Management Relations Act. Midland appeals.

The evidence brought forth at the hearing shows that Midland Glass Company is a New Jersey corporation in the business of manufacturing beverage bottles. Midland contracted with W. F. Hawkins Construction Company to paint its plant facilities, and after Hawkins began the work, Painters Union Local No. 631 proceeded to picket the entrance to the employees' parking lot at the Midland plant. Signs carried by those picketing stated that Hawkins did not meet the standards of Painters Local No. 631. Midland has no contract or dispute with the Painters Union, but instead has valid and existing collective bargaining agreements with the Glass Bottle Blowers Association and the American Flint Glass Workers Union of North America. Midland alleges that after the first day of picketing, many of its employees on all three shifts refused to cross the picket line, thereby cutting its production in half and jeopardizing its contracts with its two customers.

After a careful review of the record, we conclude that appellant is involved in interstate commerce, and that the conduct in question is arguably prohibited by Section 158 (b) (4) (ii) (B) of the Labor-Management Relations Act (29 USCA § 158 (b) (4) (ii) (B)). The superior court therefore correctly ruled that it must defer to the National Labor Relations Board's exclusive jurisdiction, and we affirm.

Generally, where interstate commerce is affected and the union conduct is either arguably protected by Section 7 of the Labor-Management Relations Act (29 USC § 157) or arguably prohibited by Section 8 of the Labor-Management Relations Act (29 USC § 158) the state courts are pre-empted from jurisdiction, and the National Labor Relations Board is vested with exclusive jurisdiction. San Diego Building Trades Council v. Garmon, 359 U. S. 236 (79 SC 773, 3 LE2d 775) (1958).

The applicable section on secondary boycotts provides: "It shall be an unfair labor practice for a labor organization or its agents . . . to threaten, coerce, or restrain any person engaged in commerce or in an industry affecting commerce, where in either case an

object thereof is . . . forcing or requiring any person to cease using, selling, handling, transporting, or otherwise dealing in the products of any other producer, processor, or manufacturer, or to cease doing business with any other person, or forcing or requiring any other employer to recognize or bargain with a labor organization as the representative of his employees unless such labor organization has been certified as the representative of his employees . . ." 29 USCA § 158 (b) (4) (ii) (B).

In determining whether certain labor conduct is arguably prohibited by Section 8, and therefore whether the National Labor Relations Board has jurisdiction, it is sufficient that the secondary employer is involved in or affects interstate commerce and is affected by the union conduct in question. It is not necessary that we find an actual violation of the law. If the secondary employer is affected by the conduct, the National Labor Relations Board will assert its jurisdiction to determine whether or not the conduct is in fact a violation of Section 8. Truck Drivers Local Union No. 649, 93 N. L. R. B. 386 (1951); Madison Bldg. & Construction Trades Council, 134 N. L. R. B. 517 (1961). So as to establish a jurisdictional standard for interstate commerce, the National Labor Relations Board has ruled that jurisdiction will be asserted in all nonretail enterprises which have an outflow or inflow across state lines of at least $50,000 annually. Siemons Mailing Service, 122 N. L. R. B. 81 (1958).

In the evidence before the trial court, it was established that Midland Glass Company is in the business of manufacturing beverage bottles for two customers, the Pabst Brewery in Perry, Georgia and the Anheuser-Busch Brewery in Jacksonville, Florida. The general manager of Midland's Warner Robins plant testified that the plant does over $50,000 worth of business annually with the Anheuser-Busch Brewery in Jacksonville, Florida, and that raw materials are purchased outside of Georgia. This evidence is sufficient to establish that Midland is involved in interstate commerce as defined by the National Labor Relations Board.

It was also established at the hearing that Midland

has no dispute or collective bargaining agreement with the Painters Union, and that any dispute the union has is with the W. F. Hawkins Construction Company. Furthermore, it was established that Midland was affected by the arguably secondary boycott by the Painters Union in that approximately 70% of its employees refused to cross the picket line and report to work, reducing its production by 50%. The facts sub judice are very similar to another case in which we found the state's jurisdiction to be pre-empted. *Armstrong Cork Co. v. Joiner,* 221 Ga. 789 (147 SE2d 317) (1966). There, as here, the union's picketing affected secondary employers with whom the union had no dispute by inducing their employees to honor the picket line and thereby refusing to report to work. The operations of the secondary employer, Midland, were affected by the conduct in question to an extent sufficient to justify the superior court's ruling that its jurisdiction was pre-empted by the National Labor Relations Board. This is not a case where the conduct is marked by such violence and imminent threats to public order that state jurisdiction prevails because of its compelling interest in public peace and order. San Diego Bldg. Trades Council, supra, pp. 247, 248.

*Judgment affirmed. All the Justices concur.*

SUBMITTED DECEMBER 29, 1975 — DECIDED FEBRUARY 11, 1976.

*Nunn, Geiger, Rampey, Buice & Harrington, R. Avon Buice, James N. Geiger,* for appellant.

*Nixon & Nixon, John P. Nixon, Jon A. Nixon,* for appellees.